MENEELY BELL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20874.   Promulgated December 12, 1928.

W. R. *Meneely* for the petitioner.

*Jas. A. O'Callaghan, Esq.,* and *P. A. Bayer, Esq.,* for the respondent.

OPINION.

Smith: Petitioner claims the right to include in invested capital the value of certain contracts which it had on hand at the beginning of the taxable year. These contracts were received in the ordinary course of business. They were not paid in for shares of capital stock. The petitioner claims the right to include the value of these contracts in invested capital. But section 326 of the Revenue Act of 1921 particularly defines what may be included in invested capital. It does not provide for the inclusion in invested capital of the value of contracts obtained in the ordinary course of business. The determination of the Commissioner that the claimed value of these contracts may not be included in invested capital must be and is sustained.

The petitioner further claims that by reason of the exclusion from invested capital of the value of these contracts and by reason of the fact that owing to a large surplus on hand it was not compelled to borrow money to carry on its business, its invested capital and its income for 1921 was abnormal, and that by reason of these facts it should be entitled to have its tax determined under the provisions of section 328 of the taxing statute.

The abnormality claimed for invested capital is all in favor of the petitioner. There is no evidence that such abnormality works any hardship upon the petitioner. The excess-profits tax determined for 1921 is $2,793.44. This was upon an income of $29,138.32. The petitioner has not proven any abnormality of either invested capital or income which would apparently " work upon the corporation an exceptional hardship evidenced by gross disproportion between the tax computed without benefit of this section [327] and the tax computed by reference to the representative corporations specified in section 328." By reason of lack of proof of an abnormality in income or capital, the action of the respondent in denying petitioner's claim for assessment under section 328 of the statute must be and is sustained.

*Judgment will be entered for the respondent.*